## Commonwealth *v.* Hornberger, Appellant.

414

Submitted April 15, 1968.    Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*John B. Stevens, Jr.,* Assistant Public Defender, for appellant.

*Arthur Ed. Saylor,* First Assistant District Attorney, and *Robert L. VanHoove,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, July 1, 1968:

This is an appeal from the order of the Court of Oyer and Terminer of Berks County, dismissing after hearing appellant's petition under the Post Conviction Hearing Act seeking *Jackson-Denno* relief.   Appellant was convicted by a jury on March 24, 1961, of murder in the first degree, and sentenced to life imprisonment. Some time thereafter, he was committed to the Farview State Hospital where he was an inmate at the time this Post Conviction Hearing Act proceeding was begun on April 15, 1966.   In his petition, appellant alleged that an involuntary confession was illegally admitted into evidence at his trial.   Pursuant to the dictates of *Jackson v. Denno,* 378 U.S. 368, 84 S. Ct. 1774 (1964), appellant was granted a hearing on the issue of voluntariness.   The court below (HESS, P. J.) held that the confession was voluntary, and dismissed the petition.   This appeal followed.

We agree with the court below that the confession was voluntary.   The law in this area has recently been

summarized in *Commonwealth ex rel. Butler v. Rundle,*
429 Pa. 141, 239 A. 2d 426 (1968) and *Commonwealth
ex rel. Joyner v. Brierley,* 429 Pa. 156, 239 A. 2d 434
(1968). Although the decision in the court below ante-
dated the decisions in those cases, it is apparent that
the learned court below had in mind the same standards
enunciated there.

We agree with the court below that the factors
relied upon by appellant do not establish that the
confession was involuntary. It is undisputed that
appellant was not advised of his right to counsel. Yet,
although this is a factor to be considered, *Davis v.
North Carolina,* 384 U.S. 737, 740, 86 S. Ct. 1761, 1764
(1966) ; *Butler,* supra, *Joyner,* supra, it is not con-
clusive, or *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct.
1602 (1966) and *Escobedo v. Illinois,* 378 U.S. 478,
84 S. Ct. 1758 (1964) would be retroactive. *Johnson
v. New Jersey,* 384 U.S. 719, 86 S. Ct. 1772 (1966) has
held that they are not. Besides, appellee's testimony
establishes that appellant was indeed advised of some
of his rights, including the right to remain silent and
that anything he said might be used against him.
Although appellant denies that he was told this, the
court below, quite within its power, resolved the ques-
tion of credibility against appellant. The court rec-
ognized that appellant had no prior experience with
the police, and that the confession was not signed. It
weighed these factors along with the factor that appel-
lant's statement itself revealed that he was tired and
sleepy when he gave it. The court believed appellant's
testimony that he had been awake for some twenty
hours immediately before confessing. It recognized
that appellant had had a history of mental problems,
but pointed out that mental illness was not urged as
a source of the involuntariness of the confession. The
court pointed out, and we deem it crucial in this case
where there is no allegation of actual physical coercion,

the fact that appellant, by his own testimony, was questioned for only two hours. In *Joyner,* supra, we distinguished *Butler*, supra. "In Butler, supra, we stated that 'It is the continuous questioning which is the crucial element in rendering the confession involuntary.'" Similarly, the factor is absent in the instant case. Moreover, it is apparent that appellant was not badgered into giving a statement, but gave one on his own in response to no question by the police.

The conclusion of the court below that appellant's statement was voluntary is amply supported by the record.

The order of the court below is affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.