Commonwealth *v.* Henderson, Appellant.

586

Submitted March 17, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

reargument refused June 3, 1969.

*Walter O. Howarth,* for appellant.

*Charles B. Watkins,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, April 23, 1969:

The procedural matrix of this case is rather complex. Fortunately, we have been blessed with fine briefs from both parties, simplifying our task. Two appeals from the courts of Allegheny County are here combined, having been consolidated by order of this Court. That at No. 64 March Term, 1969, is a *nunc pro tunc* appeal from the order of the Court of Common Pleas dated December 27, 1965, entered by Judge HERMAN M. RODGERS, specially presiding, dismissing, after hearing, appellant's habeas corpus petition. The appeal at No. 48 March Term, 1969, is from the order of the Court of Oyer and Terminer, by President Judge ELLENBOGEN, dismissing, after hearing, appellant's petition under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §1, as amended, 19 P.S. §1180-1 et seq.

On December 27, 1955, Carol Smith, appellant's common law spouse, and Rose Smith, Carol Smith's mother, were killed by knife wounds at Carol Smith's home. At the same time, one Bennie Flemming, Rose Smith's common law spouse, sustained a stab wound. The appellant was indicted at No. 263 O.& T. January 1956 for assault with intent to kill Bennie Flemming; at No. 83 O. & T. February 1956 for the murder of Rose Smith; at No. 86 O. & T. February 1956 for the murder of Carol Smith; and at No. 85 O. & T. February 1956 for involuntary manslaughter. On February 8, 1956, appellant, after trial by jury, was convicted of assault with intent to kill upon Bennie Flemming. On June 8, 1956, in the case at No. 86, involving Carol Smith, appellant was convicted by a jury of murder in the first degree. Immediately after the verdict was announced, court-appointed counsel for appellant requested that the court impose sentence because appellant did not desire to appeal. Appellant

was then given a life sentence in the murder case to take effect at the expiration of the 3½ to 7 years sentence then imposed for the conviction, at No. 263, of assault with intent to kill. Shortly thereafter, on the same day, June 8, 1956, appellant pleaded guilty to the murder of Rose Smith at No. 83, and on the basis of the testimony in the earlier murder trial, was convicted of first degree murder, for which he was given a life sentence to run concurrently with the life sentence imposed at No. 86. The involuntary manslaughter indictment was nolle prossed.

In 1965, appellant filed a petition for a writ of habeas corpus, averring that the confession which was admitted into evidence against him at his murder trials was involuntary. Counsel was appointed. During the course of the three hearings which followed, appellant was permitted to amend his pleadings so as to allege an unknowing guilty plea as well, and he produced testimony on this latter issue also. Judge RODGERS dismissed the petition, holding that the confession was voluntary and that the issue of an unknowing guilty plea was not cognizable in a habeas corpus proceeding where the petitioner was represented by counsel at the time of his plea.

On October 24, 1966, appellant filed a petition under the Post Conviction Hearing Act, alleging that he was denied his right to appeal from his conviction at No. 86; that he was twice placed in jeopardy for the same offense, and that he was denied the effective assistance of counsel in his trial at No. 86. A hearing on that petition was held on May 21, 1968.[1] During the course of that hearing appellant sought to amend his petition to include the allegation of an unknowing guilty plea. Judge ELLENBOGEN denied the motion on

---

[1] Appellant makes no complaint about this inordinate delay, the reason for which is not apparent from the record.

the ground that the issue had been raised in the habeas corpus proceeding, and that the function of the Post Conviction Hearing Act court was not to sit in review of the habeas corpus court. Appellant also moved to amend his pleadings to add that he had been denied counsel in perfecting an appeal from the dismissal of his habeas corpus petition. Judge ELLENBOGEN noted that appellant had requested an appeal from the order dismissing his habeas corpus petition, and that on February 24, 1966, he (Judge ELLENBOGEN) had sent appellant's court-appointed counsel a letter directing him to take an appeal on behalf of appellant. This letter was apparently misunderstood by counsel. Judge ELLENBOGEN then directed petitioner's counsel to seek leave from the appropriate appellate court to file an appeal *nunc pro tunc* from the habeas corpus dismissal. This was done, and on October 30, 1968, we granted appellant leave to appeal *nunc pro tunc*.

On the original allegations of the Post Conviction Hearing Act petition, the court below held that they were waived by not being raised in the habeas corpus proceeding. In addition, he held that even had they not been waived, appellant was not denied his right to appeal, but rather waived it knowingly, and that he was not denied the effective assistance of counsel.

Appellant then appealed from the order dismissing his Post Conviction Hearing Act petition; that appeal was consolidated with the *nunc pro tunc* appeal we allowed from the order dismissing the habeas corpus petition.

Appellant basically raises five issues here: (1) The Post Conviction Hearing Act court erred in refusing to find that he was denied the right to appeal from his murder conviction at No. 86; (2) it erred in refusing to find that he was placed in double jeopardy because he was compelled to stand trial for murder

twice for two killings arising out of the same incident; (3) it erred in refusing to find that he was denied the effective assistance of counsel in his trial at No. 86 because counsel had no reasonable basis for (a) not appealing, (b) not objecting to the photographs admitted, and (c) not introducing evidence and a proposed charge on the effect of intoxication; (4) the habeas corpus court erred in finding his confession to be voluntary; and (5) both courts erred with regard to the issue of the unknowing guilty plea, the Post Conviction Hearing Act court in dismissing the motion to amend in order to consider it, and the habeas corpus court in holding that it was not a cognizable claim where the defendant was represented by counsel at his plea.

We need not reach the merits of appellant's first three claims, alleging errors in the Post Conviction Hearing Act court, because we agree with the Post Conviction Hearing Act court that these issues have been waived. Section 4(b)(1) of the Post Conviction Hearing Act provides that an issue is waived if "The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, *in a habeas corpus proceeding or any other proceeding actually conducted,* or in a prior proceeding actually initiated under this act." (Emphasis added). As we have just repeated in *Commonwealth v. Johnson,* 433 Pa. 582, 252 A. 2d 641 (1969), "where, as here, appellant was represented by an attorney in . . . his previous . . . habeas corpus petition, in the absence of proof of extraordinary circumstances, see §4(b)(2), such a waiver, is considered binding. Commonwealth ex rel. Linde v. Maroney, 432 Pa. 324, 248 A. 2d 235 (1968); Commonwealth v. Black, 433 Pa. 150, 249 A. 2d 561 (1969); Commonwealth v. Satchell, 430 Pa. 443, 243 A. 2d 381 (1968);

Commonwealth v. Mumford, 430 Pa. 451, 243 A. 2d 440 (1968)." See also *Commonwealth v. Adams*, 212 Pa. Superior Ct. 150, 239 A. 2d 851 (1968), and *Commonwealth v. Snyder*, 427 Pa. 83, 233 A. 2d 530 (1967). Here, as in *Johnson*, there is no allegation of special or extraordinary circumstances, and thus the waiver must be considered binding.

We turn next to the holding of the habeas corpus court that the confession was voluntary. We note initially that the habeas corpus court improperly placed the burden of production on appellant. *Com. ex rel. Butler v. Rundle*, 429 Pa. 141, 239 A. 2d 426 (1968). However, we indicated in *Butler* that this improper allocation is rarely harmful, particularly where the issue of voluntariness has been litigated at trial. We can see no possible prejudice resulting to appellant in this case.

The question of credibility having been resolved against appellant by the habeas corpus court, our task on review is merely to determine whether the finding of voluntariness is supported by "the testimony of the prosecution's witnesses and the uncontradicted testimony of appellant." *Com. ex rel. Joyner v. Brierley*, 429 Pa. 156, 158, 239 A. 2d 434 (1968) ; see also *Com. ex rel. Butler v. Rundle*, supra, and *Culombe v. Connecticut*, 367 U.S. 568, 604, 81 S. Ct. 1860 (1961). With that standard in mind, it is apparent that the finding of voluntariness must be sustained. The involuntariness claim is based largely on a brain injury allegedly sustained by appellant when he was captured by the police. He also asserts that the questions posed by his interrogators were not explained to him, that there were five policemen with him in a small room, and that he was not advised of his constitutional rights. Further, he claims that he was poorly educated and intoxicated. Under the totality of the circumstances,

appellant asserts, his confession was involuntary. We do not agree. The factors he sets forth are either dehors the record, of little weight, or refuted by the Commonwealth's evidence. There is nothing in either the trial testimony or the habeas corpus hearing revealing the extent of appellant's education. The questions asked of appellant were self-explanatory, and thus the fact that no explanation was given cuts not at all. As for intoxication, appellant's drinking preceded his confession by more than twenty-four hours. Several Commonwealth witnesses testified that appellant understood what he was doing. The number of policemen and size of the room has some weight, but not much. The Commonwealth's witnesses all testified that appellant was not mistreated in any way. It is true that appellant was not advised of his right to counsel. However, what we said in *Commonwealth v. Hornberger*, 430 Pa. 413, 415, 243 A. 2d 341 (1968), is here relevant: "It is undisputed that appellant was not advised of his right to counsel. Yet, although this is a factor to be considered, Davis v. North Carolina, 384 U.S. 737, 740, 86 S. Ct. 1761, 1764 (1966); Butler, supra, Joyner, supra, it is not conclusive, or Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966) and Escobedo v. Illinois, 378 U.S. 478, 84 S. Ct. 1758 (1964) would be retroactive. Johnson v. New Jersey, 384 U.S. 719, 86 S. Ct. 1772 (1966) has held that they are not. Besides, appellee's testimony establishes that appellant was indeed advised of some of his rights, including the right to remain silent and that anything he said might be used against him." Here too, the Commonwealth's testimony reveals that appellant was advised of his right to remain silent and that anything he said might be used against him.

Basically, appellant's claim is bottomed, as he himself stated on direct examination, on the brain injury

allegedly suffered during the course of his arrest. It is undisputed that appellant underwent a brain operation in 1961. However, the doctor called by the Commonwealth, the medical director at the prison, testified that nothing, either in appellant's medical records or from his own observation of appellant over the years, would lead him to believe that appellant's injury necessitating an operation in 1961 affected his mental faculties at the time of the confession in 1955.

In sum, then, there was ample evidence to enable the habeas corpus court to hold appellant's confession voluntary.

Finally, we turn to appellant's arguments concerning his allegedly unknowing guilty plea. We agree with the Post Conviction Hearing Act judge that it would have been improper for him to consider this matter, since it was raised in the habeas corpus hearing, and the function of a Post Conviction Hearing Act judge is not to sit in appellate review of the habeas corpus proceedings. That is our function.

In so reviewing, we are of the view that the habeas corpus court erred in holding that a hearing is not required on an allegation of an unknowing guilty plea where the pleader was represented by counsel. This precise issue was considered by this Court in *Com. ex rel. West v. Myers*, 423 Pa. 1, 222 A. 2d 918 (1966). We there stated at pp. 3-4: "The petition is grounded on the allegation that appellant—being ignorant of the effect of a guilty plea and of the alternatives available to him—entered a plea of guilty to the charge of murder due solely to the urging of counsel. Appellant alleges that counsel never discussed the matter of pleading with him, never informed him of his right to insist upon trial by jury, never explained the nature of the charges against him, and never told him of the consequences of entering a plea of guilty to murder. Unaware of his rights and unable to understand the

import of the proceedings, appellant alleges that he was called upon to plead at his trial and, at the prompting of counsel, entered a plea of guilty. . . . A habeas corpus court, in determining whether a petition for a writ requires a hearing, must accept as true all allegations of fact contained in the petition which are non-frivolous, specific, and not contradicted by the record, even though those allegations may be controverted by the Commonwealth. Commonwealth ex rel. Hilberry v. Maroney, 417 Pa. 534, 540, 207 A. 2d 794, 797 (1965); cf. Commonwealth ex rel. Stevens v. Myers, 419 Pa. 1, 22 n.28, 213 A. 2d 613, 625 n.28 (1965); Commonwealth ex rel. Holben v. Russell, 418 Pa. 22, 23, 208 A. 2d 861 (1965); Com. ex rel. Wilson v. Rundle, 412 Pa. 109, 111, 194 A. 2d 143, 144 (1963). If accepting the petitioner's allegations as true the writ would issue, then it is incumbent upon the court to hold a hearing affording the petitioner the opportunity to establish the truth of his allegations." It is thus clear that a nonfrivolous, specific allegation of an unknowing guilty plea, uncontradicted by the record, entitles a petitioner to a hearing.

Appellant here was given a hearing on this question. However, the habeas corpus judge did not rule on the merits, but held that appellant was not entitled to the hearing. Since credibility is the keystone of the grant or denial of relief, this Court cannot, on a cold record, make the determination. Nor should it be made by the habeas corpus judge some four or more years after the hearing. We thus remand for a hearing limited to the issue of the allegedly unknowing guilty plea.

The order of the Court of Oyer and Terminer, in appeal No. 48 is affirmed. The order of the Court of Common Pleas in appeal No. 64 is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.