## Commonwealth *v.* Nash, Appellant.

Argued November 26, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

520

*Robert S. Cohen,* for appellant.

*Paul R. Michel,* Assistant District Attorney, with him *James D. Crawford,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, January 30, 1970:

This is a direct appeal from the judgment of sentence of the Court of Oyer and Terminer of Philadelphia County. Appellant, Robert E. Nash, Jr., was convicted by a jury on May 2, 1962, of murder in the first degree and was sentenced to life imprisonment.

On June 5, 1968, appellant filed a petition for postconviction relief, alleging that he had not knowingly waived his right to appeal. On July 26, 1968, the court granted appellant the right to file post-trial motions *nunc pro tunc.* A motion for new trial was filed; it was denied on June 11, 1969. This appeal followed.

Appellant makes three arguments on appeal. First of all, he claims that his confession to the police was involuntary. The court below, in its brief memorandum opinion, held the confession to be voluntary. We fail to see how the court could have reached the merits

of the question of voluntariness without holding a hearing pursuant to *Jackson v. Denno,* 378 U.S. 368, 84 S. Ct. 1774 (1964). See *Com. ex rel. Butler v. Rundle,* 429 Pa. 141, 239 A. 2d 426 (1968). However, the denial of relief on this claim was clearly proper because appellant waived any right to challenge the confession by virtue of his failure to object to its admissibility at trial. *Commonwealth v. Snyder,* 427 Pa. 83, 233 A. 2d 530 (1967).

Appellant then argues that if he is to be precluded from raising a voluntariness issue because counsel failed to object to the admission of the confession, he was denied the effective assistance of counsel. Ordinarily, we would not treat an issue such as the alleged ineffective assistance of counsel without an evidentiary hearing on the matter. However, here, as in *Snyder,* supra, it is apparent from the face of the record that counsel's failure to object was not ineffectiveness, but rather a "deliberate bypass". As we stated in *Com. ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A. 2d 349 (1967): "[O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." (Emphasis in original). In the instant case, appellant testified at trial, stating that what was contained in his confession to the police was correct. Furthermore, appellant's employer testified, relating that appellant had come to him and confessed before he went to the police. The entire thrust of appellant's case was that he had committed the crime, but had been driven to it because he was hungry and broke, and that he was now remorseful. Assuming *arguendo* that the confession to the police was involuntary (a rather doubtful assumption on the facts before us), it could hardly have helped appellant to exclude this confession inasmuch as he was still confronted

with the confession to his employer. Moreover, it could well have hurt by antagonizing the jury to which he was appealing for sympathy. It is perfectly clear that a reasonable basis existed for counsel's failure to object to the confession to the police.

Appellant's final argument is that the admission of appellant's confession was error because the confession had been given without the warnings mandated by *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966). This contention is made in the teeth of numerous decisions of this Court holding that *Johnson v. New Jersey*, 384 U.S. 719, 86 S. Ct. 1772 (1966), will be followed in Pennsylvania. *Commonwealth v. Hornberger* 430 Pa. 413, 243 A. 2d 341 (1968) ; *Com. ex rel. Joyner v. Brierley*, 429 Pa. 156, 239 A. 2d 434 (1968) ; *Commonwealth v. Snyder*, supra. *Johnson* holds that *Miranda* will not be given retroactive effect, but will apply only to cases in which the trial began after June 13, 1966, the date *Miranda* was announced.

The judgment of sentence is affirmed.