**Commonwealth v. Ream**

*Frederick S. Wolfson,* Assistant District Attorney, for Commonwealth.

*Robert C. Rowe,* for defendant.

GATES, P. J., November 18, 1970.—On June 5, 1970, a jury found defendant guilty of operating his motor vehicle while under the influence of intoxicating

beverages. Thereafter, defendant filed a motion for a new trial and a motion in arrest of judgment.

The only valid reason assigned in support of defendant's motion in arrest of judgment is that the verdict was against the law and against the weight of the evidence. All of his other reasons deal with rulings on evidence and the charge of the court which, at most, would entitle him to a new trial. However, considering all of the evidence actually received, right or wrong (Commonwealth v. Tabb, 417 Pa. 13), the evidence was sufficient to justify the verdict.

Defendant assigned as a reason in support of his motion for a new trial that the trial judge erred in refusing to sustain his objection to testimony regarding defendant's conversation with the arresting police officer, which testimony was in violation of his constitutional rights. Since we agree with this contention, there is no need to consider his other arguments.

This record lacks precision in the sequence of events which took place at the hospital after the accident. However, it would appear that defendant was involved in an automobile accident in Lebanon County. Although he indicated to a witness to the accident that he did not need help, he was taken by ambulance to the hospital before the investigating officer arrived at the scene. Ream's injuries were superficial.

Trooper Robert E. Loughman, of the Pennsylvania State Police, investigated the accident which occurred at 8:10 a.m. on December 20, 1969, on Route 422 in Jackson Township, Lebanon County, Pa. The physical evidence at the scene disclosed that defendant's vehicle had struck a pickup truck with his right front end. On the floor of defendant's vehicle, Trooper Loughman found a half gallon of wine. After completing his on-the-scene investigation, Trooper Loughman went to the Good Samaritan Hospital to speak

with the operator of the vehicle. When he arrived at the hospital, he saw defendant in the waiting room. He said he looked a little "ruffled up." He said that he detected a slight odor of alcohol, redness of the eyes, and a staggering gait. He asked defendant if he was the operator, and defendant admitted that he was. The trooper then told defendant that he strongly suspected that he had been drinking and was intoxicated and that he was going to take him in and charge him.[1] The trooper further testified that he asked defendant if he had been drinking, and defendant indicated to the trooper that he was drinking all night and that he was coming home from a friend's place and that he had been drinking from the wine bottle. He further indicated that he had been drinking while he was driving. All of this testimony was received over the objection of defendant's counsel. Admittedly, the trooper did not give defendant any of the Miranda warnings.

It matters little what we think of the situation, because it is clearly the law in Pennsylvania that the constitutional safeguards set forth in Miranda v. Arizona, 384 U. S. 436, are applicable to misdemeanor cases: Commonwealth v. Bonser, 215 Pa. Superior Ct. 452; Commonwealth, ex rel. Joyner v. Brierley, 429 Pa. 156; Commonwealth v. Crawford, 43 D. & C. 2d 521.

Nor is our personal opinion of Miranda's teaching as to the significance of the place where the interrogation occurs material. We held in Commonwealth v. Sites, (No. 1) O. & T. December term, 1965, that the warnings were not required when the interrogation took place in Sites' own apartment. However, our Supreme Court held otherwise: Commonwealth v. Sites, 427 Pa. 486. In Commonwealth v. Jefferson, 423 Pa. 541, the un-

---

[1] The record is not clear as to where this statement was made in relation to the disputed statements of defendant.

constitutional questioning of defendant occurred in a hospital. In Underwood v. State, a Tennessee court of criminal appeals case reported in 8 Cr. L. R. 2065, the place of interrogation was a judge's chambers.

The Commonwealth here argues that the interrogation in this case was not "custodial interrogation," and, therefore, the warnings were unnecessary.

In Miranda, supra, at page 444, the court states:

". . . By custodial interrogation, we mean questioning intiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. . . ."

In this case, Trooper Loughman proceeded to the hospital to talk with Ream after knowing Ream had been involved in an accident and that there was a bottle of wine on the floor of his automobile. He observed Ream sitting in the waiting room at the hospital appearing "ruffled up." He detected the odor of alcohol and noticed the redness of Ream's eyes and his staggering gait. As a matter of fact, he told Ream he suspected that he was intoxicated and that he was going to charge him. After learning that he was the operator of the vehicle involved in the accident and possessed with all of the foregoing facts, it would be foolhardy to conclude that Trooper Loughman would have permitted Ream to go his own way. The only place Loughman would have permitted Ream to go was precisely where he went, to the police barracks for a breathilizer examination. Cf. Commonwealth v. Sites, supra., and Commonwealth v. Jefferson, supra. Under these circumstances, we are of the opinion that before further interrogation of defendant took place, Trooper Loughman was mandated by Miranda to warn Ream fully of his constitutional rights as delineated in Miranda. Consequently, the failure to so warn Ream and the

admission of the damaging statements at trial constituted error and entitles Ream to a new trial.

## ORDER

And now, to wit, November 18, 1970, defendant's motion in arrest of judgment is refused, and defendant's motion for a new trial is granted.