## Commonwealth *v.* Walls, Appellant.

Submitted November 13, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John J. Dean,* Assistant Public Defender, and *George H. Ross,* Public Defender, for appellant.

*Carol Mary Los* and *Robert L. Campbell,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 23, 1971:
Judgment of sentence and order affirmed.

---

CONCURRING OPINION BY HOFFMAN, J.:

Appellant was arrested and charged with burglary and larceny of some tires and other articles from a gasoline station. At trial the Chief of Police testified that some time after the burglary he received a phone call "from a woman who failed to identify herself" saying that appellant was the one who broke into the gas station. The Chief drove to appellant's residence and saw his station wagon parked along the street. He observed two new tires on the car and two more lying in the cargo area. The Chief testified that he obtained a search warrant, and then went to recover the tires and other stolen goods.

Appellant testified in his own defense that he had bought the stolen goods from various sources, and that he had never been in the burglarized gas station.

The court found appellant guilty as charged on the basis of the stolen articles in his possession. Subsequently, appellant filed a Post Conviction Hearing Act petition alleging that evidence was improperly introduced against him, that his trial counsel had been ineffective, and that he had been denied his right to appeal. A hearing was held, after which appellant was granted the right to appeal nunc pro tunc. The hearing court also held that appellant's ineffective assistance of counsel claim was frivolous, and that there could be no challenge to the validity of the search warrant because it was never used. This appeal followed.

From the record it appears that there was not probable cause for the issuance of a search warrant. However, appellant's trial counsel did not raise this issue, and thus it may not be considered on appeal. At the PCHA hearing the effective assistance of counsel claim

was directed solely toward the allegation that trial counsel was inadequately prepared to represent appellant due to shortness of time to consult with him. There was no questioning concerning the failure to file a motion to suppress the evidence seized pursuant to the search warrant. Although there would appear to be sufficient basis for a claim that counsel was ineffective because he failed to raise an obvious issue, this contention was not considered at the PCHA hearing and mentioned only obliquely on appeal. As a result, the record is too inadequate for the issue to be properly considered on appeal.

Since the petitioner did not properly raise any claim upon which relief is warranted, I would affirm the order of the lower court.

JACOBS, J., joins in this concurring opinion.