Commonwealth *v.* Macek, Appellant.

Argued November 13, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Albert Cohen,* Assistant Public Defender, with him *John J. Dean,* Assistant Public Defender, and *George H. Ross,* Public Defender, for appellant.

*Mark F. Geary,* Assistant District Attorney, with him *Carol Mary Los,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., April 15, 1971:

Goldie Mae Macek[1] was indicted on two counts: the first count charging possession of marijuana in violation of The Drug, Device and Cosmetic Act (Act of September 26, 1961, P. L. 1664, §1, 35 P.S. §780-1 et seq.) and the second count charging prostitution and assignation. After trial, the jury found her guilty of possession of marijuana but not guilty of prostitution and assignation.

The prostitution charge was based on the testimony of Police Officer Hanlon that defendant had offered him sexual relations for the price of $10.00 (ten dollars) after which solicitation he arrested her. After her arrest on that charge, a search was made of the purse she was carrying. That search revealed not only articles reasonably related to the charge of prostitution, but also one marijuana cigarette and two marijuana butts, the cigarette and the butts containing one tenth of a gram of marijuana. The said cigarette and butts were introduced as evidence against defendant in

---

[1] It developed at the trial that defendant was actually Mabel Macek, sister of Goldie Mae Macek, but the proceedings, including this appeal, nevertheless have been continued in the name of Goldie Mae Macek.

support of the charge of unlawful possession of marijuana.

No objection to the mode of securing the marijuana was made either by a pretrial motion to suppress the evidence or by objection to its introduction at the time of trial. However, after the guilty verdict, defendant made a motion in arrest of judgment claiming that since the jury did not find her guilty of prostitution, as claimed by the arresting police officer, a fortiori there was no probable cause for her arrest on that charge and consequently the search of her purse was not incidental to a lawful arrest. The lower court refused the motion and this appeal has been taken from that refusal.

We concede defendant's premise that if her arrest had been without probable cause, the search following that arrest would be unlawful. As stated in *Charles v. United States,* 278 F. 2d 386, 388 (9th Cir. 1960): "Searches of both the person arrested and the place where the arrest is made derive their legality in the absence of a search warrant from the existence of a lawful arrest. Without probable cause to arrest, subsequent searches either of the person or property violate the Fourth Amendment. That a search is incident to a valid arrest saves it from proscription." However, we cannot agree with defendant's contention that because the jury did not find her guilty of the charge on which she was arrested, that that arrest was without probable cause. A jury, in order to convict, has to find the defendant guilty beyond a reasonable doubt; on the other hand, an officer, in order to arrest, need only determine that there is probable cause for the arrest. The fact that the officer in this case made his arrest on the basis of his personal observation of and conversation with the defendant does not alter this rule. Though the matter was presented to the jury on the issue of

credibility—that is, whether the defendant or the police officer was telling the truth—we cannot say as a matter of conclusive fact that the jury by its verdict established that the defendant had been arrested without probable cause. The only fact established by the verdict is that for some reason the jury had a reasonable doubt as to defendant's guilt. We cannot speculate as to the reason for that reasonable doubt.

Defendant relies solely on the verdict of acquittal to establish lack of probable cause for her arrest. She makes no claim that her arrest for prostitution was a ruse or an entrapment or a subterfuge or that it was the result of improper motive.[2] Furthermore, to make such a claim at this late stage of the proceedings would be futile. Defendant was required to raise the issue of the legality of her arrest by a pretrial motion to suppress the evidence revealed by the search incident to that arrest.[3] She should also have pursued her objection to the introduction of the evidence at the time of trial. For example, in *Hill v. United States,* 418 F. 2d 449 (D.C. Cir. 1968), the defendant was arrested "for making major repairs of his automobile in a public thoroughfare" in violation of the District of Columbia's traffic and motor vehicle regulations. A search incident to that arrest revealed a bill of sale for an automobile, which bill of sale connected defendant with

---

[2] "Where the arrest is only a sham or a front being used as an excuse for making a search, the arrest itself and the ensuing search are illegal. Worthington v. United States, 6 Cir. 1948, 166 F. 2d 557; Henderson v. United States, 4 Cir. 1926, 12 F. 2d 528, 51 A.L.R. 420; 'An arrest may not be used as a pretext to search for evidence.' United States v. Lefkowitz, 1932, 285 U.S. 452, 467, 52 S. Ct. 420, 424, 76 L. Ed. 877. To put it in other words, the *search* must be incident to the *arrest,* and not vice versa:" *Taglavore v. United States,* 291 F. 2d 262, 265 (9th Cir., 1961). (Emphasis that of the court.)

[3] Rule 2001 of the Pennsylvania Rules of Criminal Procedure.

a robbery. The defendant there made a motion to suppress the evidence on the ground that his arrest for the traffic infraction was a sham, a mere pretext to detain him on the robbery charge and gather evidence to support an earlier identification of the defendant. The pretrial motion was granted because the evidence revealed that the procedure followed to arrest the defendant was "extraordinary" and that the search was "rooted in a sham".

Defendant claims that it would have been a futile act for her to have filed a pretrial motion to suppress the evidence because the officer's testimony would have been believed. Such assertion is spurious, having no basis in fact to support it; nor does it afford a valid excuse for failure to abide by the rules of criminal procedure. Compliance with those rules cannot be excused by any surmise that the results will be unsuccessful. To agree with defendant's reasoning would create chaos in the administration of our rules of criminal procedure.

For the same reason we cannot agree with defense counsel's contention that defendant should not be penalized for counsel's failure to file a pretrial motion to suppress the evidence. The applicable rules of criminal procedure governing the suppression of evidence are clear, and if defense counsel chooses to employ the strategy of not raising the issue of unlawful arrest until after a jury's verdict, defendant must be held bound by that strategy. To hold otherwise would be to render our rules of criminal procedure meaningless and a nullity.

The trial record, insofar as it pertains to the circumstances existing at the time of the officer's arrest of the defendant, can be considered in passing upon the propriety of that arrest. In *Masiello v. United States,* 304 F. 2d 399 (1962), defendant contended in the pre-

trial hearing on his motion to suppress the evidence that the officers did not announce their purpose to execute a search warrant before breaking into his apartment. The officers did not testify at the pretrial hearing. The motion, however, was not granted and defendant renewed his objections at the time of trial to the introduction of the evidence secured from his apartment. At the trial the officers testified that they did announce their purpose to execute a search warrant prior to breaking down the apartment door. The court held that although the motion to suppress should have been granted since there was no contradiction of defendant's claim of unlawful entry, yet "the entire record, which includes evidence adduced at both the pretrial hearing and the trial, may be considered in deciding whether the error was prejudicial. Carroll v. United States, 267 U.S. 132, 162, 45 S. Ct. 280, 69 L. Ed. 543 (1925)."

A study of the trial record in this case reveals no evidence that defendant's arrest resulted from improper motive of or entrapment by the police officer or that her arrest was a sham or subterfuge upon which to predicate a search for drugs. The record shows that prior to the arrest, the police officer did not know of and had never seen defendant; that her arrest was not prearranged; that on the night of the arrest, the arresting officer was on "plainclothes duty", looking into crimes of prostitution and strong-arm robberies in the area in which he saw defendant at 12:30 at night when she, according to her testimony, was waiting on the street for a bus. The officer placed defendant under arrest for prostitution and assignation before he searched her purse; the search revealed articles reasonably connected with the crime for which she was arrested, as well as the marijuana cigarette and butts upon which her arrest for possession of marijuana was

predicated. The defendant's testimony, though vague and evasive, may have been sufficient to raise in the jury's mind a reasonable doubt as to her actual guilt of the crime of prostitution, but it certainly is not sufficient to establish that the police officer arrested her without probable cause. Thus, even if a pretrial motion to suppress the evidence had been made and had been refused, and even if timely objection had been otherwise made, there is nothing in the record entitling defendant to have the evidence suppressed.

We hold, therefore, that the search in question was proper, falling within the rule ". . . where one has been legally arrested for the commission of a crime his person and, in most cases, his immediate surroundings at the time of arrest may be properly searched. . . If the search happens to uncover evidence of crimes other than the one for which the accused has been arrested, this evidence may also be used against him in prosecutions for the other crimes so discovered. Harris v. United States, 1947, 331 U.S. 145, 67 S. Ct. 1098, 91 L. Ed. 1939": *Taglavore v. United States*, 291 F. 2d 262, 265 (9th Cir. 1961).

Defendant also contends that because The Drug, Device and Cosmetic Act has no quantitative test for the crime of possession of marijuana, the Act is unconstitutional as vague and uncertain and as inflicting cruel and unusual punishment in those cases, such as here, where the amount possessed is small. We disagree with both contentions. Section 4 of the Act, 35 P.S. §780-4, states: "The following acts and the causing thereof within the Commonwealth are hereby prohibited: . . . (q) The possession . . . of, *any* dangerous or narcotic drug". Section 2 of the Act, 35 P.S. §780-2, defines the term "narcotic drug" as meaning: ". . . (3) marihuana. . .". Therefore, the Act is clear that possessing "any" amount of marijuana is illegal. As to whether

or not the Act inflicts cruel and unusual punishment because it fails to take into account the amount possessed, the reasoning of Chief Judge Charles E. Wy-zanski, Jr. of the United States District Court of Massachusetts, quoted and applied in *United States v. Ward*, 387 F. 2d 843, 848 (1967), is equally pertinent here: "And it is for the legislature to draw the lines of what is to be permitted as an open area of choice and what is to be prohibited as a social evil. So long as the legislature outlaws the possession of marijuana, the use of the drug, even in moderation, is fraught with the gravest personal risks." In that case it was unsuccessfully argued that to inflict the same penalty in cases involving marijuana as in cases involving opium was the imposition of cruel and inhuman punishment in view of the conflicting medical evidence as to the properties and effects of marijuana.

In the instant case, our legislature has, in the exercise of its discretion, with which we find no lawful reason to interfere, declared the possession of any amount of marijuana to be a violation of the statute, and thus it has put the public on notice that possession of even a small amount "is fraught with the gravest personal risks".

The judgment of sentence is affirmed and the defendant is directed to appear in the court below at such time as she may be there called, and that she be by that court committed until she has complied with the fine and sentence imposed against her.

---

CONCURRING OPINION BY HOFFMAN, J.:

Though I concur in the result reached by the majority, I believe one aspect of this case deserves additional comment.

Appellant's attorney contends that no pretrial suppression motion was filed because a motion would have

been a "mere formality." I agree with the majority that such an assertion is spurious. Our rules of criminal procedure provide a detailed procedure to be followed when one accused of a crime believes that he is aggrieved by an illegal search or seizure. Pennsylvania Rules of Criminal Procedure, Rules 2000-2001. Appellant's attorney was aware of this Rule and as an officer of the court had an obligation to follow the correct procedures.

The actions of appellant's attorney may well have prejudiced appellant. The jury had before it the directly contradictory testimony of appellant and the arresting officer. The jury chose to believe appellant and found her not guilty on the charge of prostitution and assignation. Of course, the majority is correct that the standards used in determining probable cause differ from those used by the trier of fact in determining guilt or innocence beyond a reasonable doubt. However, the fact still remains that the jury believed appellant. A judge at a suppression hearing might also have believed appellant and have suppressed the evidence obtained pursuant to the arrest and search.

It is evident that appellant may have a good claim that her counsel was ineffective. The standard for this determination was enunciated in the landmark case of *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A. 2d 349, 352 (1967) : "[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." (Emphasis in original). However, such an issue is ordinarily not treated without an evidentiary hearing on the matter. *Commonwealth v. Nash,* 436 Pa. 519, 261 A. 2d 314 (1970). Appellant has advanced no convincing reason why an exception should be made in this case.

By affirming the judgment of sentence, it is my understanding that this Court is not precluding appellant from raising any possible ineffective assistance of counsel claim she might advance at a Post Conviction Hearing Act hearing. On this basis I concur in affirming the judgment of sentence.

SPAULDING, J., joins in this concurring opinion.