Commonwealth *v.* Scarfo, Appellant.

Argued April 13, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*A. M. Cohen,* Assistant Public Defender, with him *John J. Dean,* Assistant Public Defender, and *George H. Ross,* Public Defender, for appellant.

*Robert L. Campbell,* Assistant District Attorney, with him *Carol Mary Los,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, June 30, 1971:
Judgment of sentence affirmed.

———

CONCURRING OPINION BY HOFFMAN, J.:
Appellant was indicted for burglary and larceny and brought to trial before a judge sitting without a jury.

The first witness for the Commonwealth was a police officer who testified to the actions he took pursuant to a search warrant. At this point defense counsel objected to further testimony until the warrant was established to be valid. At the conclusion of the trial the lower court held that the affidavit in support of the warrant was inadequate. However, pursuant to Rule 2001 of the Rules of Criminal Procedure[1] the evidence seized pursuant to the warrant was admitted because no motion to suppress was made five days before trial.

Appellant was found guilty as charged. From judgment of sentence this appeal followed.

I believe that the lower court was correct in refusing the motion to suppress because appellant did not comply with the mandate of Rule 2001. There was no testimony that there were extenuating circumstances which prevented a timely filing, nor was there argument that the interests of justice required suppression.

However, it is evident that appellant may have a good claim that his counsel was ineffective in not filing a timely motion to suppress. The issue of ineffective assistance of counsel is ordinarily not considered absent an evidentiary hearing on the matter. *Commonwealth v. Nash,* 436 Pa. 519, 261 A. 2d 314 (1970). In this case there is nothing on the record indicating the reason

---

[1] "Rule 2001(a) Any person aggrieved by an illegal search and seizure may apply to the Court of Quarter Sessions of the seizure or prosecution county for the return of the property and to suppress for use as evidence anything so obtained, subject to the limitations herein provided. (b) An application for relief under this Rule shall be made not later than five days before the trial. An application may be made, in the prosecution county only, at any time until the evidence is offered at the trial if opportunity therefor did not previously exist, or if the defendant was not aware of the ground for the application, or if a prior application for relief has been made in the seizure county but has not been finally determined, or the interests of justice require it."

why a motion to suppress was not filed, and thus the ineffective assistance of counsel issue cannot properly be considered upon direct appeal. Cf. *Commonwealth v. Walls*, 218 Pa. Superior Ct. 176, 275 A. 2d 373 (1971) (concurring opinion).

By affirming the judgment of sentence, it is my understanding that this Court is not precluding appellant from raising any possible ineffective assistance of counsel claim he might advance at a Post Conviction Hearing Act hearing. On this basis I concur in affirming the judgment of sentence. *Commonwealth v. Macek*, 218 Pa. Superior Ct. 124, 279 A. 2d 772 (1971) (concurring opinion).