## Commonwealth ex rel. Henderson, Appellant, v. Maroney.

Submitted March 13, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Walter O. Howarth* and *Thomas Costa,* for appellant.

*Carol Mary Los,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE MANDERINO, July 17, 1972:

William J. Henderson, appellant, was indicted on one count of assault with intent to kill, two counts of murder and one of involuntary manslaughter. These indictments all arose out of the following incident.

On December 27, 1955, Henderson after several hours of drinking, returned to his home where he lived with his common law wife, Carol Smith, her mother, Rose Smith, and the mother's common law husband, Bennie Fleming. Henderson was hungry and awoke Carol Smith to help find some food which he had purchased. When he discovered that it had been eaten, a knife fight ensued in which Bennie Fleming was wounded and Carol and Rose Smith killed.

Appellant was convicted, after a jury trial, of assault with intent to kill Bennie Fleming. At a subsequent jury trial he was convicted of murder in the first degree and sentenced to life imprisonment for the killing of Carol Smith. That same day he pleaded guilty to the murder of Rose Smith and was given a life sentence to run concurrently with the one imposed in the first murder trial.

Appellant subsequently filed a habeas corpus petition in which he alleged that his confession was invol-

untarily obtained and that his guilty plea to the murder of Rose Smith had been unknowingly made. This petition was dismissed. A Post Conviction Hearing Act petition was then filed. Appellant alleged therein that he had been denied the right to appeal from his conviction for the murder of Rose Smith, that he had been placed in double jeopardy, that he had been denied effective assistance of counsel, and that he had been denied the right to appeal from the dismissal of his habeas corpus petition. This petition was also dismissed with the provision that an appeal from the habeas corpus denial be allowed nunc pro tunc. An appeal from the Post Conviction Hearing Act petition was then taken which was consolidated with the nunc pro tunc appeal for argument before this Court.

On appeal before our Court, we dismissed all of appellant's contentions except one and remanded "for a hearing limited to the issue of the allegedly unknowing guilty plea" entered on the Rose Smith murder charge. *Commonwealth v. Henderson*, 433 Pa. 585, 253 A. 2d 109 (1969). A hearing on this issue was then held and the court found that the plea of guilty was knowingly and voluntarily entered. The appeal from that order is now before us.

Appellant's contentions are that he was unaware of the consequences of a guilty plea and of the alternatives available to him and that his guilty plea was made totally as a result of the urging of his counsel. The standard for determining the validity of a guilty plea is whether the guilty plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *Commonwealth v. Roundtree*, 440 Pa. 199, 269 A. 2d 709 (1970). The facts in this case indicate that the lower court properly found that appellant's plea was both voluntary and intelligent.

Prior to entering his plea of guilty, appellant had *recently* undergone two jury trials—one in which the

jury convicted him of assault with intent to kill and one in which he was convicted of first degree murder and sentenced to life imprisonment. Appellant's contention that he did not understand his right to a trial by jury is simply unbelievable. In light of his prior experience of two jury trials, the lower court properly concluded that appellant had a clear understanding and understood the significance of his right to trial by jury.

In addition, appellant testified at the hearing below that his counsel had urged him to plead guilty to the murder of Rose Smith since the case against him for that murder was a much stronger one than for the murder of Carol Smith for which he received a life sentence. Counsel also told him that he would risk receiving the death penalty if he underwent another jury trial. Based on the case against Henderson, it seems evident that this advice was not unsound. The evidence additionally does not support the conclusion that appellant was unable to take all these factors into consideration, to assess them, and, finally, to conclude that pleading guilty was the most reasonable course of action for him to take. That it was Henderson's own decision to follow his counsel's advice and plead guilty is substantiated by the record.

Finally, the fact that Henderson's decision to plead guilty might have been motivated by a desire to avoid the death penalty does not make the plea involuntary or one "not the product of a free and rational choice." *Commonwealth v. Henderson,* 441 Pa. 255, 272 A. 2d 182 (1971).

Order affirmed.