Commonwealth *v.* Williams, Appellant.

Argued September 14, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

*Irwin Lee Gross*, with him *Nissenbaum, Gross & Rudolph*, for appellant.

*James J. Wilson*, Assistant District Attorney, with him *James T. Ranney* and *David Richman*, Assistant District Attorneys, *Richard A. Sprague*, First Assistant District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., December 11, 1973:

This is an appeal from judgments of sentence for aggravated robbery. Appellant contends that his confession, admitting participation in two armed robberies, should have been suppressed.

In his pre-trial motion to suppress, appellant averred, without specificity, that "he did not knowingly, intelligently, and voluntarily waive his privilege against self-incrimination." At the suppression hearing, appellant testified that he had not been given his *Miranda* warnings, and that the police threatened to use physical force to obtain his waiver and the statement.

The police officers who testified at this hearing denied these assertions. They stated that appellant was given warnings before questioning began, and before the statement was given. Each question on the waiver form was read to appellant before his reply was recorded. Appellant allegedly answered that he understood each question regarding the waiver of his rights. The police officers categorically denied the use of any threats in order to obtain the statement.

The judge at the suppression hearing accepted the police officers' version of the events, and believed that appellant was adequately advised of his rights. His determination is supported by ample evidence, and his resolution of the conflict in testimony is binding on this court. *Commonwealth v. Eiland*, 450 Pa. 566, 301 A. 2d 651 (1973).

In this appeal, appellant has abandoned the reasons advanced in support of his motion at the suppression hearing. He now raises for the first time the subjective factors of his low intelligence quotient and psychological weakness as a basis for invalidating the confession.[1] None of the evidence presented to this court in support of the contention was before the suppression court to rebut the Commonwealth's evidence of a knowing and voluntary confession. Appellant's failure to assert these reasons and produce evidence thereof at the suppression hearing precludes our consideration of the issue on appeal. *Commonwealth v. Agie*, 449 Pa. 187, 296 A. 2d 741 (1972); *Commonwealth v. Scoggins*, 451

---

[1] Appellant's low I.Q. (71) would clearly not be sufficient by itself to invalidate his confession. See, e.g. *Commonwealth ex rel. Joyner v. Brierley*, 429 Pa. 156, 239 A. 2d 434 (1968); *Commonwealth v. Darden*, 441 Pa. 41, 271 A. 2d 257 (1970); *Commonwealth v. Abrams*, 443 Pa. 295, 278 A. 2d 902 (1971); *Commonwealth v. Willman*, 434 Pa. 489, 255 A. 2d 534 (1969); *Commonwealth v. Scoggins*, 451 Pa. 472, 304 A. 2d 102 (1973).

Pa. 472, 304 A. 2d 102 (1973); see Pa. R. Crim. P. 323(d).

The judgments of sentence are affirmed.