**STATE of Iowa, Plaintiff-Appellee,**

v.

**Judy Kay HERSHEY,
Defendant-Appellant.**

**84–887.**

Court of Appeals of Iowa.

May 28, 1985.

Raymond E. Rogers, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Mickey W. Greene, Asst. Atty. Gen., for plaintiff-appellee.

Heard by OXBERGER, C.J., and DONIELSON, and HAYDEN, JJ.

OXBERGER, Chief Judge.

Defendant presents one question on appeal: whether the court erred in admitting evidence resulting from the search of her purse. She says the search was improper and violated her fourth amendment rights. We disagree and affirm the conviction.

On November 9, 1982, a customer at the Pamida Store in Boone says she saw the defendant, Judy Hershey, place one of the store's dolls in her purse, and a store employee also says she saw Hershey place a carton of cigarettes in her purse. Hershey then left the store and was stopped in the parking lot. The manager demanded Hershey open her purse and when she did, he saw the doll inside. The manager, a store employee, and Hershey returned to the manager's office in the store where the manager asked if she had any other items. Hershey said she did not, but when the manager left, Hershey removed the carton of cigarettes and gave them to the store employee. A police officer arrived and asked Hershey if she had any other items of merchandise in her purse. The witnesses testified that, at the time, Hershey was holding the purse tightly against her side. The defendant said she did not have any other property belonging to the store in her purse and the officer then asked if she had anything that could be used as a weapon. In reply, Hershey unzipped her purse and opened it toward the officer. He looked inside and saw a car cassette player. The officer removed it, and defendant said it belonged to her and that she recently had it repaired. The manager checked the cassette player display in the store and found an empty box. The model number on the box and the player matched, but it was not possible to tell if the player had been taken from the box.

Defendant says she did not take anything from the store and that while she was in the public restroom her purse apparently became mixed up with someone else's. A friend of defendant brought a second purse to the police station following defendant's arrest which contained items Hershey normally carried in her purse.

Defendant was convicted by a jury on April 4, 1984, of third-degree theft. She says the court erred in allowing evidence of the search of her purse, claiming the search could not have occurred incident to her arrest.

The defendant agrees that it is permissible to search the person of the arrestee and the area "within his immediate control." *Chimel v. California*, 395 U.S. 752, 763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685, 695 (1969). The purpose of such a search is to prevent the person from gaining access to a weapon or evidence which could be destroyed. *Id.* However, defendant argues, such a search does not apply to personal property "not immediately associated with the person of the arrestee" which has been reduced to the officer's "exclusive control." *United States v. Chadwick*, 433 U.S. 1, 15, 97 S.Ct. 2476, 2485, 53 L.Ed.2d 538, 551 (1977). Defendant cites a number of cases which she claims indicate that purses may not be searched under the incident to arrest exception.

■ While it is possible that a search of a purse may not be incident to an arrest, we do not agree that the Supreme Court has indicated purses may never be searched as a part of an arrest. The key words of *Chadwick* are that the property must be "immediately associated" with the person and not in the officer's "exclusive control" in order to be searched as a part of the arrest. *Id.* The cases cited by defendant are distinguishable because in each incident the officer had removed the purse from the arrested person and had sole control over it before the search occurred. In *Illinois v. Lafayette*, 462 U.S. 640, 648, 103 S.Ct. 2605, 2611, 77 L.Ed.2d 65, 73 (1983) the court refused to suppress evidence obtained from a purse as a part of an inventory search. The defendant notes the concurring opinions of Marshall and Brennan indicate the results would be different if the search was justified as incident to an arrest. *Id.* at 648, 103 S.Ct. at 2611, 77 L.Ed.2d at 73. However, the court explains that the search would not be justified as incident to an arrest because the

crime with which defendant was accused, disturbing the peace, would not result in any evidence which could be destroyed. *Id.* In another case cited by defendant the court held that a search of a purse was improper where the defendant was handcuffed and sitting in a police car and the search occurred while the purse was placed on the trunk of the police car. *Johnson v. State,* 413 N.E.2d 335, 336 (Ind.Ct.App.) (1980). In another Indiana case evidence was suppressed when the officer took defendant's purse to her, demanded she open it, and when she refused, opened it himself and searched it. *Bradford v. State,* 401 N.E.2d 77, 78 (Ind.Ct.App.) (1980). Finally, in *People v. Redmond,* 73 Ill.App.3d 160, 174, 28 Ill.Dec. 774, 784, 390 N.E.2d 1364, 1374 (1979) defendant's purse was searched while she was handcuffed and seated in the back of a squad car. It is clear in each of these cases the purse was not immediately associated with defendant's person and instead was in the exclusive control of the officer when the search occurred.

We find informative the following statement of the Seventh Circuit Court of Appeals, made when the court decided that an attache case was improperly searched by police;

> [W]e believe that the search of the attache case is better characterized as a search of possessions within the arrestee's immediate control than as a search of his person.... [U]nlike *a purse that might be characterized as "immediately associated with the person of the arrestee" because it is carried with the person at all times,* the attache case here was more like luggage in that Wilson was not carrying it when he left the building, but rather removed it from an auto trunk immediately before his arrest. The warrantless search of the attache case in police custody thus cannot be justified as a search of Wilson's person.

*United States v. Berry,* 560 F.2d 861, 864 (7th Cir.1977) (emphasis added). Although the decision was later vacated, it was reversed on the ground that the *Chadwick* decision did not apply retroactively, and the court's reasoning remains sound. *U.S. v. Berry,* 571 F.2d 2, 3 (7th Cir.), *cert. denied, Wilson v. U.S.,* 439 U.S. 840, 99 S.Ct. 129, 58 L.Ed.2d 138 (1978). Other courts have held that a purse may be searched without a warrant when the person is arrested, if it is not placed in the officer's exclusive control. *United States v. Berryhill,* 445 F.2d 1189, 1193 (9th Cir.1971) (handbag search allowed at time of arrest); *Hinkel v. Anchorage,* 618 P.2d 1069, 1071 (Alaska) *cert. denied* 450 U.S. 1032, 101 S.Ct. 1744, 68 L.Ed.2d 228 (1981) (search of purse allowed since immediately associated with defendant's person); *People v. Belvin,* 275 Cal. App.2d 955, 959, 80 Cal.Rptr. 382, 384 (2d Dist.1969) (search of purse next to defendant allowed); *Commonwealth v. Macek,* 218 Pa.Super. 124, 131, 279 A.2d 772, 776 (1971) (if arrest was proper, search of purse incident to arrest proper).

In this case, the purse was within defendant's immediate control, since she had it tightly clutched to her when the search occurred. The purse could not have been within the exclusive control of the officer and the crime defendant was charged with would involve evidence which could be destroyed. We find the search did not violate defendant's fourth amendment rights and uphold her conviction.

AFFIRMED.