Commonwealth *v.* Black, Appellant.

Argued December 7, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Anne F. Johnson*, Assistant Defender, with her *John W. Packel*, Assistant Defender, and *Vincent J. Ziccardi*, Defender for appellant.

*James T. Ranney*, Assistant District Attorney, with him *Milton M. Stein*, Assistant District Attorney, *James D. Crawford*, Deputy District Attorney, *Richard A. Sprague*, First Assistant District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 30, 1972:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:
In this direct appeal, appellant attacks his conviction for robbery as being based in part upon unconstitutionally obtained identification evidence.

At trial the Commonwealth's evidence against appellant rested in large part on his identification by Miss Sherry Stevenson, a victim of the robbery.

Miss Stevenson testified that when the police arrived at the scene after the robbery she described the robbers and stated that she thought she knew the two men who had committed the robbery. She named James Black and Ronald Hudson.

Acting upon this information, the police obtained a mug shot of James Black which was then inserted among five other mug shots. These six photographs were then shown by the police to Miss Stevenson and two other robbery victims, without counsel for Mr. Black being present. The mug shots of the persons shown other than James Black were not preserved, so that at the time of the suppression hearing below it was impossible to reconstruct the mug shot array in order to assess its fairness. Miss Stevenson and the two other victims identified appellant from the mug shots as being one of the robbers.

Seven days later, appellant was arrested. That night he was taken to a police station and placed in a lineup, where he was identified by all three victims.

Appellant argues that the mug shot identification by Miss Stevenson and the two other robbery victims should have been excluded at trial because appellant was denied his right to counsel and his right to due process at the identification proceedings.

I do not believe that appellant was denied a right to counsel at the mug shot identification by Miss Stevenson and the two other robbery victims. In *United States v. Zeiler*, 427 F. 2d 1305, 1307 (3rd Cir. 1970) [which is binding upon this Court pursuant to the doctrine set forth in *Commonwealth v. Negri*, 419 Pa. 117, 213 A. 2d 670 (1965)],[1] which was implicitly approved in *Com-*

[1] In *Commonwealth v. Negri*, supra, our Supreme Court held that determinations by the Third Circuit of constitutional dimen-

*monwealth v. Whiting,* 439 Pa. 205, 266 A. 2d 738 (1970), the Court held that the guarantee of right to counsel applies to defendants in custody who are identified by a witness from a mug shot array. The Court in *Zeiler* reasoned as follows: "The considerations that led the court in Wade to guarantee the right of counsel at lineups apply equally to photographic identifications conducted after the defendant is in custody. [Footnote omitted.] The dangers of suggestion inherent in a corporeal lineup identification are certainly as prevalent in a photographic identification. P. M. Wall, Eye-Witness Identification in Criminal Cases 66-89 (1965). Also the defendant, himself not being present at such a photographic identification, is even less able to reconstruct at trial what took place unless counsel was present. Comment, Criminal Procedure—Photo Identifications, 43 N.Y.U.L. Rev. 1019 (1968). In addition, the constitutional safeguards that *Wade* guaranteed for lineups may be completely nullified if the police are able privately to confront witnesses prior to the lineup with suggestive photographs. Indeed, the present case lends support to the fear expressed by a discerning judge that the absence of a requirement of counsel at photographic confrontations will actually encourage the police to abuse the identification process. United States v. Marson, 4th Cir. 1968, 408 F. 2d 644, 651 (WINTER, J., concurring and dissenting), cert. denied, 393 U.S. 1056, 89 S. Ct. 695, 21 L. Ed. 2d 698. I would hold that the rule of the Wade case applies to pretrial photographic identifications of an accused who is in custody."

sions in criminal cases which expand existing rights to defendants should be followed by our state courts in order to avoid the unseemly spectacle of state prisoners having their constitutional claims denied in the state court and then securing habeas corpus relief in the federal courts.

Subsequent cases have considered whether the right to counsel requirements set forth in *Zeiler* should be extended to situations where the defendant is not in custody. The clearest case would be where the defendant is at the time of the mug shot identification not a prime suspect. Thus, in *United States ex rel. Woods v. Rundle,* 326 F. Supp. 592 (E.D. Pa. 1971), Judge HANNUM indicated that a mug shot array of 150 photographs consisting solely of pictures of persons who apparently have been known to the police to engage in criminal conduct was proper. None of the persons whose picture was exhibited was apprised of the exhibit or had counsel appointed to represent their interests at the time of the array demonstration.

The harder case, of course, occurs where a pre-custody mug shot array is shown to witnesses where the police have probable cause to arrest one of the persons whose picture is shown because they have reliable information that the suspect did in fact participate in the crime alleged.

This was the situation in *United States ex rel. Hollman v. Rundle,* 329 F. Supp. 1052 (E.D. Pa. 1971). In *Hollman* the police had probable cause to arrest a suspect who conformed to a precise description of a robber furnished to the police by the victim of the robbery. After the suspect's arrest, the police took his photograph and released him, as the "victim was not available for a prompt lineup identification while the suspect was in custody". Subsequently, the suspect's picture together with 11 other photographs of persons of the "same race and approximately the same age, weight and height as petitioner," were shown to the victim who thereupon identified the suspect. 329 F. Supp. at 1056. This identification was introduced at trial and was one of the factors upon which the trial judge sitting without a jury found the defendant guilty.

In a habeas corpus proceeding before the District Court petitioner argued that even though he was not in custody at the time that the photographic array was shown to the victim, he was the prime suspect in the investigation and therefore he should have been accorded the right to have counsel at such time.

The Court answered this contention as follows: "Somewhere between mere investigation and actual posecution, a line must be drawn where police investigations are not deemed critical stages requiring the State to provide legal counsel to be present to represent the suspect. Under the facts of this case, I hold that the pre-trial, pre-indictment photographic identification of Mr. Hollman while he was not in custody did not require the presence of counsel representing him at such identification procedure. It also must be considered that to require counsel to be present at all pre-indictment photographic identification procedures would be impractical and unmanageable; especially in situations where one is merely a suspect and nothing more, and his whereabouts is totally unknown to the police. How would the police proceed to obtain counsel for such a suspect?

"In addition, if there is clear and convincing evidence that an in-court identification has a totally independent source from that of the pretrial identification by lineup or photograph, then irrespective of the validity of the pretrial proceeding, the in-court identification is admissible. Wade, supra, 388 U.S. 240, 87 S. Ct. 1926. The trial transcript in this case clearly establishes that the victim's in-court identification was based on his personal observations during the course of the robbery, and not the result of the photographic identification."

This position is also consistent with the view expressed by Mr. Justice HARLAN speaking for the Supreme Court in *Simmons v. United States,* 390 U.S. 377,

384 (1968) : "Despite the hazards of initial identification by photograph, this procedure has been used widely and effectively in criminal law enforcement, from the standpoint both of apprehending offenders and of sparing innocent suspects the ignominy of arrest by allowing eyewitnesses to exonerate them through scrutiny of photographs. The danger that use of the technique may result in convictions based on misidentification may be substantially lessened by a course of cross-examination at trial which exposes to the jury the method's potential for error. We are unwilling to prohibit its employment, either in the exercise of our supervisory power or, still less, as a matter of constitutional requirement. Instead, we hold that each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. This standard accords with our resolution of a similar issue in Stovall v. Denno, 388 U.S. 293, 301-302, 87 S. Ct. 1967, 1972-1973, and with decisions of other courts on the question of identification by photographs. [Footnote omitted.]"

*Simmons* only dealt with a claim by the appellant that he had been denied due process in not having counsel present at the mug shot array identification. There was no contention that this was a denial of his sixth amendment right to counsel.[2] The considerations which Justice HARLAN sets forth, however, are relevant in a discussion concerning whether the *Wade* right to counsel should extend to situations such as the instant case.

---

[2] The identification in *Simmons* took place in 1964 and *Wade* not being retroactive, no denial of counsel claim could have been raised. *Stovall v. Denno*, 388 U.S. 293 (1967).

Here, at the time of the mug shot array identification, appellant was not in custody although he was a prime suspect based on Miss Stevenson furnishing his name to the police and his picture matching the description given by the robbery victims. The police acted swiftly to have an identification made so that the resulting identification would be proximate in time to the robbery itself, when presumably the recollection of the robbery victims would be most accurate. See *Commonwealth v. Lee*, 215 Pa. Superior Ct. 240, 257 A. 2d 326 (1969); *Commonwealth v. Davis*, 215 Pa. Superior Ct. 193, 257 A. 2d 88 (1969) (dissenting opinion by HOFFMAN, J.); and *Simmons v. United States*, 390 U.S. at 385.

Counsel could not have been provided to the suspect in such circumstances since his whereabouts were not known. Therefore, I am not persuaded that the police were foreclosed from conducting the mug shot array identification on the basis that the missing suspect was entitled to counsel which could not be provided to him.

## II

Appellant, however, argues that on due process grounds he was entitled to have the fairness of the mug shot array identification procedure determined by a court, and that the burden of proof in such matters is upon the Commonwealth.

In considering this claim it is fundamental that any unduly suggestive identification procedure is unconstitutional. *Stovall v. Denno*, 388 U.S. 293 (1967); *Simmons v. United States*, supra. At the suppression hearing below the police testified that six photographs had been used and that these photos were selected on the basis of exhibiting to the victims pictures of "people who [were] in the same age area" as appellant. No control records were kept of the mug shots used other than

that of appellant. Accordingly, the other photographs were not kept and were not produced at the hearing below.

The question of whether the Commonwealth has the burden of producing such photographs at the identification suppression hearing is an open one, specifically left undecided by *Simmons. Simmons v. United States,* 390 U.S. at 388 (footnote 9). The Commonwealth, however, did not in the instant case furnish any basis for a comparison of the characteristics of the appellant's picture with those of the other persons whose pictures were shown to the victims. This might have been done if race, complexion, weight, facial scars, hair type had been noted. In the absence of such information, it is impossible to determine if the photographic array was unduly suggestive.

In such circumstances, therefore, it is advisable to hold that the Commonwealth has the burden of proof in demonstrating that the instant identification procedure was proper, as appellant clearly is foreclosed from proving a negative without evidence. The principle has been established in other cases that when a defendant raises a claim of constitutional dimension, the burden of proof with respect to the evidentiary basis of that claim rests on the Commonwealth, where the Commonwealth is in the position to establish the truth or falsity of the claim by evidence not in the control of the defendant. See *Commonwealth ex rel. Joyner v. Brierley,* 429 Pa. 156, 239 A. 2d 434 (1968); *Commonwealth v. Wilson,* 430 Pa. 1, 241 A. 2d 760 (1968); and *Commonwealth v. Henderson,* 433 Pa. 585, 253 A. 2d 109 (1969).[3]

The Commonwealth has not sustained its burden in the instant case with respect to the mug shot identifica-

---

[3] With respect to the burden of proof when a defendant raises a speedy trial claim compare *Commonwealth v. Clark,* 443 Pa. 318, 279 A. 2d 41 (1971), with *Commonwealth v. Bunter,* 445 Pa. 413, 282 A. 2d 705 (1971).

tions. I would therefore hold such identification evidence inadmissible, vacate the judgment of sentence, and order a new trial at which time the identifications by Commonwealth witnesses would only be allowed if it is established that such identifications are independent of the mug shot identifications.

SPAULDING, J., joins in this dissenting opinion.