## Commonwealth *v.* Carter, Appellant.

Argued September 19, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Alan R. Gordon,* with him *Joseph Hakun,* and *Mac-Coy, Evans & Lewis,* for appellant.

*Albert L. Becker,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, November 28, 1972:
Judgment of sentence affirmed.

———

DISSENTING OPINION BY PACKEL, J.:

This robbery conviction stands or falls upon the sole identification by the victim. A motion to suppress her identification testimony on the ground that a lineup was unnecessarily suggestive was denied and the defendant was found guilty in a trial without a jury.

On an admittedly dark evening, before street lights were turned on, a person grabbed the victim's arm from the rear and demanded money. She faced the person for a half minute or for a minute, during which she took a change purse out of her pocketbook and gave the person approximately $3. About ten minutes later she, then accompanied by her husband, saw the defendant running to a car which was about two blocks from the scene of the robbery.[1] They both testified that she then said that the defendant "looked like the man that robbed her." She testified that she had given her husband a description of the robber, but he testified that she had not given him any description. The husband

———

[1] The defendant testified that he was running because of the rain, after spending a portion of the day looking for employment and shopping for a pair of shoes. His wife testified that he had gone into town to look for employment and to buy shoes and that he left with some $50 and returned with $47 in his wallet. The record shows that the police asked the defendant if he would consent to a lie detector test. He did consent, but no such test was made.

took the license number of the car, as a result of which the police learned that the defendant was the operator of the car.

The defendant was arrested that evening about 8:00 p.m. and some five hours later there was a lineup. A voluntary defender who was present at the lineup suggested that it should not be held in view of its composition. There were six men in the lineup; the defendant, who was 6′5″ tall, and five others, none of whom was taller than 5′11″. In addition, the defendant was the only one with an Afro haircut. The only description given to the police prior to the lineup was that the robber was a Negro male, approximately 6′2″ or 6′3″, 190 pounds and wearing a raincoat and yellow shirt and dark pants.[2] At the lineup and at the subsequent preliminary hearing and trial, the victim identified the defendant as the robber. She testified that she noticed just about everything about the robber's face, but only particularized that he had medium color skin and he had a bush haircut. She did not remember seeing that the robber had a mustache, which admittedly he did have at the time in question.

The Supreme Court of the United States in its recent holding in *Kirby v. Illinois*, 406 U.S. 682, 691 (1972), that its per se rule as to the necessity of counsel at a lineup was not applicable to a pre-indictment lineup, pointed out: "The Due Process Clause of the Fifth and Fourteenth Amendments forbids a lineup that is unnecessarily suggestive and conducive to irreparable mistaken identification. Stovall v. Denno, 388 U.S. 293; Foster v. California, 394 U.S. 440. When a person has not been formally charged with a criminal offense, Stovall strikes the appropriate constitutional

---

[2] The record does not make clear whether this was the description of the person committing the robbery or of the person seen going to the car.

balance between the right of a suspect to be protected from prejudicial procedures and the interest of society in the prompt and purposeful investigation of an unsolved crime." In *Foster*, part of the totality of circumstances was a three man lineup, in which the defendant was "close to six feet in height. The other two men were short—five feet, five or six inches."

The fact that the defendant in this case was the only six footer and the only one with an Afro haircut makes it manifest that the lineup was unduly suggestive. Subsequent identifications cannot be said to be without taint in view of the totality of circumstances, including the darkness of the evening, the generality of the facial description, the non-observance of whether the robber had a mustache, and the observation made some ten minutes after the crime that the defendant only looked like the robber.

The judgment of sentence should be reversed.

HOFFMAN, J., joins in this dissenting opinion.