Commonwealth *v.* Kitchen, Appellant.

*Jonathan Miller*, Assistant Defender, and *Vincent J. Ziccardi*, Defender, for appellant.

*Linda West Conley, James T. Ranney* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

Opinion Per Curiam, April 4, 1973:
Judgment of sentence affirmed.

---

Concurring Opinion by Spaulding, J.:

Appellant Ronald Kitchen was convicted of aggravated robbery in the Court of Common Pleas of Philadelphia by Judge Joseph L. McGlynn, Jr., sitting without a jury. His contentions on this appeal relate solely to the methods by which he was identified as one of the two robbers by the victim. Prior to trial the victim twice identified appellant as one of the robbers, once from photographs and once at a line-up. Appellant contends that both identification procedures were improper.

## I.

The identification from photographs took place within a day or two after the robbery. The victim was shown ten or twelve pictures, containing both front and side views and numbers (apparently mug shots) and identified appellant. At the suppression hearing, the Commonwealth failed to produce this photographic array, the police officer stating that he had misplaced his records concerning the identification proceeding. Appellant argues that this was violative of due process, prohibiting him from effectively questioning the mug shot identification in court, and that the burden of proof here should be upon the Commonwealth.

We recently considered a similar claim in *Commonwealth v. Black,* 221 Pa. Superior Ct. 212, 220, 289 A.

2d 483 (1972). While the majority rejected the contention, I feel the correct view was stated in the dissenting opinion (HOFFMAN, J.) : "The question of whether the Commonwealth has the burden of producing such photographs at the identification suppression hearing is an open one, specifically left undecided by Simmons. [*Simmons v. U.S.,* 390 U.S. 377 (1968)] Simmons v. United States, 390 U.S. at 388 (footnote 9). The Commonwealth, however, did not in the instant case furnish any basis for a comparison of the characteristics of the appellant's picture with those of the other persons whose pictures were shown to the victims. This might have been done if race, complexion, weight, facial scars, hair type had been noted. In the absence of such information, it is impossible to determine if the photographic array was unduly suggestive.

"In such circumstances, therefore, it is advisable to hold that the Commonwealth has the burden of proof in demonstrating that the instant identification procedure was proper, as appellant clearly is foreclosed from proving a negative without evidence. The principle has been established in other cases that when a defendant raises a claim of constitutional dimension, the burden of proof with respect to the evidentiary basis of that claim rests on the Commonwealth, where the Commonwealth is in the position to establish the truth or falsity of the claim by evidence not in the control of the defendant. See Commonwealth ex rel. Joyner v. Brierley, 429 Pa. 156, 239 A. 2d 434 (1968) ; Commonwealth v. Wilson, 430 Pa. 1, 241 A. 2d 760 (1968) ; and Commonwealth v. Henderson, 433 Pa. 585, 253 A. 2d 109 (1969)." 221 Pa. Superior Ct. at 220. Since the only basis for comparison of appellant's picture with the others shown to the victim in the instant case was the sketchy recollection of the officer, I would hold that the Commonwealth has not sustained its burden and

that the mug shot identification should not have been admitted into evidence.

## II.

The lineup, at which appellant was identified, was held almost a month after the robbery. Appellant's complaint relates to its composition. The victim had described his assailant as being 5′ 5″ or smaller, obviously indicating his impression that the robber was quite short. The lineup was composed of six men. Appellant, who is 5′ 5″ tall, was at one end, followed by three men 5′ 8″ tall, one man 5′ 10″ tall and one man 6′ tall. The United States Supreme Court recently stated that : "The Due Process Clause of the Fifth and Fourteenth Amendments forbids a lineup that is unnecessarily suggestive and conducive to irreparable mistaken identification. Stovall v. Denno, 388 U.S. 293; Foster v. California, 394 U.S. 440. When a person has not been formally charged with a criminal offense, Stovall strikes the appropriate constitutional balance between the right of a suspect to be protected from prejudicial procedures and the interest of society in the prompt and purposeful investigation of an unsolved crime." *Kirby v. Illinois,* 406 U.S. 682, 691 (1972). Judge PACKEL recently noted, in a case where the appellant was 6′ 5″ tall and none of the other five men in the lineup were over 6′ that the lineup was "unduly suggestive". *Commonwealth v. Carter,* 223 Pa. Superior Ct. 148, 297 A. 2d 505 (1972) (dissenting opinion). Likewise, appellant's height combined with his positioning in the lineup, here, made that procedure so "impermissably suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons,* supra. The lineup identification should not have been admitted into evidence.

## III.

Despite my conclusion that evidence of both of the pretrial identification procedures was improperly admitted, I still must concur in affirming the judgment of sentence. The trial court states in its opinion: "But, even assuming *arguendo,* the illegality of the pre-trial identification we are satisfied that based on the criteria set forth in Commonwealth v. Spencer, 442 Pa. 328 (1971), the in-court identification was purged of its 'primary taint' and had an independent source. The robbery took place in broad daylight in a neighborhood familiar to the witness; he was face to face with the robber and had recognized him from having seen him on prior occasions; there was no substantial discrepancy between the description given to the police immediately after the incident and the defendant's actual description; . . . and the identification was clear and unequivocal throughout every stage of the proceedings.

"All of these factors demonstrate beyond question that the in-court identification of the defendant by the complaining witness was totally independent of the confrontation at the line-up [and the mugshot identification] and therefore the motion to suppress the in-court identification was properly denied." Applying the criteria set forth in *Commonwealth v. Spencer,* 442 Pa. 328, 333, 275 A. 2d 299 (1971), we must conclude that the witness' courtroom identification was not tainted by the improper pretrial identifications as found by the court below.

I concur in affirming the judgment of sentence.

HOFFMAN and CERCONE, JJ., join in this concurring opinion.