## Commonwealth *v.* Spann, Appellant.

322

Submitted December 2, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*William Bowe, Elaine DeMasse,* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*Bruce A. Franzel, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., June 24, 1975:

Appeal is taken from Judgment of Sentence rendered on May 2, 1974, following trial at which appellant was found guilty of aggravated robbery and burglary. On June 28, 1972, a clothing store in Philadelphia was robbed. Miss Harris, the manager, gave a description of a woman. Pursuant to that description and approximately two weeks later, appellant, dressed in female clothes, was arrested. The complainant had identified appellant from photographs and, after his arrest, again at a line-up. Appellant's suppression of evidence request was denied, and he was held for trial.

Appellant first argues that it is error for the trial court to deny his request to see the statement given by complainant to the police. *Commonwealth v. Smith,* 417

Pa. 321, 332, 208 A.2d 219, 225 (1965), states the rule that a defendant "be allowed to see what witnesses have previously said to the government about him when they testify against him in court." *Commonwealth v. Morris,* 444 Pa. 364, 281 A.2d 851 (1971), mandates that this rule extends even to notes, whether or not such notes are read and/or signed by the complainant. Testimony in this case does indicate that complainant, on the day of the robbery, talked with a policeman in the vicinity of the store and gave details of the occurrence. She testified that she provided a description of the perpetrator of the crime. Although the record is inconclusive as to whether such statement was ever recorded and as to whether such statement presently exists if recorded, it is clear that complainant's description reached a subsequently-issued police report, called a print-out. It was from such circular regarding the instant event that policeman Michael Ebner made his investigation and was able to apprehend appellant fourteen days after the occurrence. It is thus this detectives' print-out which is the only known writing embodying the description of appellant given orally by the complainant. Such print-out is a matter of business record at the Philadelphia Police Department, yet it was never requested by defense counsel. Recognizing the Commonwealth's statement that it knew of no writing made on the day of the crime, we hold that in these circumstances the question of whether or not some other writing exists is immaterial to a determination of this case. The arresting officer testified at the suppression hearing as to his procedures for this arrest and his use of the circulated print-out. Appellant is not entitled to a new trial upon his claim that the Commonwealth should have produced a writing allegedly made at the scene of the crime but not known to be in existence.

Appellant argues that denying production of the line-up summary sheet, police photo, and array photographs was error. In *Commonwealth v. Jackson,* 227 Pa.

Superior Ct. 1, 323 A.2d 799 (1974), this Court expressed doubt that the testimony at trial would support an independent, in-court identification and remanded for a hearing. However, the instant facts, as testified to by complainant, indicate that she saw appellant at close range and in good light for a period of approximately twenty minutes. Therefore we hold that *Commonwealth v. Kitchen,* 224 Pa. Superior Ct. 191, 303 A.2d 30 (1973), controls. There this Court by per curiam order, with Judge SPAULDING filing a concurring opinion, joined by Judges HOFFMAN and CERCONE, held that in the absence of a showing that the photographic array was unduly suggestive, no due process violation had occurred. This case, together with the in-court identification, belie the necessity to examine the line-up summary sheet, where, as we hold *infra,* the line-up was proper. Equally important is the fact that appellant had access to the line-up sheet and police photograph at the suppression hearing, and a challenge to these items would more properly have been raised there.

Appellant next raises the argument that his arrest was without probable cause, citing *Commonwealth v. Berrios,* 437 Pa. 338, 263 A.2d 342 (1970). These cases are similar to the degree that the police had general descriptions of clothing and nationality or color. However, in the instant case the facts fill the blanks which called for reversal in *Berrios;* namely, the police knew size, weight, and the fact that such a person wore the clothes of a female. For the appellant to argue that it was a neighborhood frequented by female impersonators does not expose to possibility of arrest the large numbers of citizens, which possibility led to the holding in *Berrios.*

Appellant's argument of undue delay between arrest and preliminary arraignment has been waived because it was not raised at either the suppression hearing or trial. See *Commonwealth v. Agie,* 449 Pa. 187, 296 A.2d 741 (1972), and *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974).

Appellant next challenges complainant's identification from photos. Regardless of the propriety of an out-of-court identification, if in-court identification can be said to have an independent origin and can be made without reliance upon previous identifications, then such in-court identification is valid. *Commonwealth v. Whiting,* 439 Pa. 205, 266 A.2d 738 (1970). We hold that the in-court identification does have an independent origin, and we base this on complainant's testimony that she clearly and continuously saw appellant during the commission of the crime.[1]

Appellant lastly argues that the line-up was unduly suggestive. See *Stovall v. Denno,* 388 U.S. 293 (1967), *Commonwealth v. Williams,* 440 Pa. 400, 270 A.2d 226 (1970), and *Commonwealth v. Wilson,* 450 Pa. 296, 301 A.2d 823 (1973). We hold that the circumstances of the instant line-up were not so suggestive as to lead to mistaken identification and denial of due process. Due to the unique circumstance that appellant was a female impersonator, the police were faced with the problem of whether to have males or females in the line-up. Because appellant at the scene of the crime had appeared as a female, and because complainant had viewed the perpetrator of the crime as such, the police determined that it would be fairer to have women in the other positions at the line-up. The police who conducted the line-up called around the city in futile efforts to see if female impersonators could be obtained for this line-up. Appellant appeared in female disguise. The participants approached a common ground as to age, weight, complexion, and slender build. On the issue of height differential alone we will not find error in the line-up. See *Commonwealth v. Kitchen, supra.*

Affirmed.

HOFFMAN, J., concurs in result.

---

1. Appellant's argument that counsel was needed at this identification falls because the factual situation occurred before *Commonwealth v. Richman,* 458 Pa. 167, 320 A.2d 351 (1974).